**Lorenzo CASTILLO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55207.**

Court of Criminal Appeals of Texas, Panel No. 3.

Sept. 20, 1978.

No appearance for appellant.

No appearance for appellee.

Before DOUGLAS, ROBERTS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from an order revoking probation wherein appellant was convicted of theft by bailee; the punishment, three years' confinement.

The record in the instant case does not contain a transcription of the court reporter's notes, and no brief was filed in the trial court in appellant's behalf pursuant to Art. 40.09, Sec. 9, Vernon's Ann.C.C.P. On June 22, 1977, this Court issued an opinion in which the appeal in this cause was abated. The purpose of the abatement was to allow the trial court to determine whether or not appellant was represented by retained or appointed counsel since there had been some indication of indigency in the record and no brief had been filed in appellant's behalf.

On July 21, 1978, we received a supplemental transcript from the trial court which indicates that the mandate of abatement has been satisfied. The trial court conducted a hearing to determine whether or not appellant was indigent, whether he was represented by retained or appointed counsel, and why counsel had not filed a brief in appellant's behalf.

The facts as discovered by the trial court at the aforementioned hearing reflect that appellant was in fact represented by retained counsel for purposes of appeal and that he was released pursuant to an appeal bond shortly after sentencing. The record also reflects that appellant's retained counsel has not seen appellant since the date of his release from the Harris County Rehabilitation Center and that counsel, through discussions with various members of appellant's family, believes that appellant resides somewhere in Michigan. The trial court correctly could not presume that appellant was indigent because of the fact that appellant made initial arrangements to retain counsel on appeal and secured his release on an appeal bond due to representations that appellant was to pursue his appeal as a non-indigent.

The fact that at one time prior to trial in this cause the trial court appointed counsel for appellant is not dispositive of the issue of appellant's indigency for purposes of appeal. This Court has held that it is incumbent upon the appellant, whether indigent or not, to exercise diligence in securing a copy of the court reporter's notes. *Hoagland v. State*, 541 S.W.2d 442 (Tex.Cr. App.1976); *Weeks v. State*, 521 S.W.2d 858 (Tex.Cr.App.1975); *Ex parte Thorbus*, 455 S.W.2d 756 (Tex.Cr.App.1970). As the supplemental record reflects, we are not faced with the situation as in *Steel v. State*, 453 S.W.2d 486 (Tex.Cr.App.1970) where retained counsel has bowed out without notice to the court or the accused which frustrates forever accused's right to protect his vital interests. In the instant case, appellant has executed an appeal bond, made preliminary arrangements to retain counsel on appeal, and thereafter voluntarily absented himself from the jurisdiction of the court. In essence, appellant has not exercised due diligence in pursuing the appeal.

We have found nothing in the record which would require our review in the interest of justice under Art. 40.09(13), Vernon's Ann.C.C.P.

The judgment is affirmed.