George GRAY, Relator,

v.

Richard A. ROBINSON, Norman Christian, L.T. Owen, Billy Bacon, and Scott Bailey, Commissioners Court of Eastland County, Respondents.

No. 69873.

Court of Criminal Appeals of Texas, En Banc.

Jan. 13, 1988.

Philip Durst, Austin, for relator.

Emory C. Walton, Dist. Atty., Eastland, for respondents.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

WHITE, Judge.

This is an original mandamus action brought by a court-appointed criminal defense attorney (relator) seeking to compel the Commissioners Court of Eastland County (respondents) to pay $17,010.00 in attorney's fees ordered by a district judge under the provisions of Article 26.05,[1] V.A. C.C.P. We will deny relief.

Disposition of this case requires an understanding of the following sequence of events. On January 3rd, 1986, defendant, Brenda Gail (Perry) Andrews, was one of several persons indicted in a complex felony case. Relator appeared as retained co-

counsel for this defendant shortly after indictment. In early 1987, relator became sole counsel, after co-counsel was permitted to withdraw. On March 12, 1987[2] relator filed an affidavit requesting appointment as counsel. On April 1st, relator announced at a pre-trial hearing that he was appearing for defendant pro bono. Two days later an indigency hearing was held, defendant was found to be indigent and relator was officially appointed to represent defendant. *See* Article 26.04, V.A. C.C.P.

On April 15th, prior to trial, relator filed a fee request stating that he had represented defendant since September 1986 and requested $17.010.00 in attorney's fees, travel expenses and various other expenses. On the same day, a visiting district judge issued an order approving this fee request.[3] This order was filed with the District Clerk on April 22nd, and on May 8th, relator submitted the order to the Eastland County Auditor. The auditor, finding that relator had only appeared in court for 3 days subsequent to formal appointment, did not formally submit relator's claim to the respondents because of the amount of the order relative to the time spent in court. However, at some subsequent time, the respondents were presented with this order and refused to honor it.[4]

Defendant's trial commenced on May 18th and concluded on June 5th. On June 9th relator filed another fee request in the amount of $13,250.00 for services rendered *solely* during the trial. Relator calculated his fees at a rate of $100.00 per hour. On this same day, June 9th, the visiting district

1. Article 26.05 has been substantially changed, effective September 1, 1987. *See* Acts 1987, 70th Leg., Ch. 979, sec. 3 at 6674, 6678. These changes are prospective in application and, thus, have no effect on the instant case.

2. All dates refer to 1987 unless noted otherwise.

3. This visiting judge was initially assigned to preside over the trial after the regular district judge recused himself, but, due to a schedule conflict, was later unable to preside at the trial. It is noted that five different judges were assigned at various times to hear the many pre-trial matters raised and the actual trial of the subject criminal case.

4. Respondents seize on this fact to argue that since the order was not "properly presented" to the Commissioners Court, this request for a mandamus is moot. Such an assertion is invalid. The presentment to and rejection by the auditor is sufficient predicate for the instant suit. *See,* Art. 1573, V.T.C.S. (while in effect at the time of this case, this Article was repealed and replaced by Section 81.041, Tex.Gov.Code, effective Sept. 1, 1987); Art. 1660, V.T.C.S. (also repealed on Sept. 1, 1987); *Smith v. McCoy,* 533 S.W.2d 457, 461 (Tex.Civ.App.—Dallas 1976, writ dismissed).

judge who presided at trial ordered relator to be paid a total of $3,500.00, calculated at a rate of $250.00 per day of trial—the minimum rate under Article 26.05 for a capital case. This order was honored by respondents and the amount was paid to relator.

In the instant mandamus action, relator is seeking to compel respondents to pay the $17,010.50 pre-trial order. However, as evidenced by relator's fee request and the court's order, the majority of these fees were accumulated prior to April 3rd, the date relator was appointed to represent the defendant. Thus, we are presented with the question of whether the district judge had authority to order attorney's fees for services rendered prior to appointment.

This appears to be a question of first impression. Article 26.05, V.A.C.C.P., which designates compensation of appointed counsel provides:

> Section 1. A counsel *appointed*[5] to defend a person accused of a felony or a misdemeanor punishable by imprisonment, or to represent an indigent in a habeas corpus hearing, shall be paid from the general fund of the county in which the prosecution was instituted or habeas corpus hearing held, according to the following schedule:
>
> (a) For each day or a fractional part thereof *in court* representing the accused, *a reasonable fee to be set by the court* but in no event to be less than $50;
>
> . . . .
>
> (d) For expenses incurred for purposes of investigation and expert testimony, a reasonable fee to be set by the court but in no event to exceed $500.

Article 26.04, V.A.C.C.P., which designates when counsel is to be appointed to a defendant, states:

> (a) *Whenever the court determines* at an arraignment or at any time prior to arraignment that an accused charged with a felony or a misdemeanor punishable by imprisonment *is too poor to employ counsel, the court shall appoint* one or more practicing attorneys to defend him. *In making the determination, the court shall require the accused to file an affidavit,* and may call witnesses and hear any relevant testimony or other evidence.

Finally, Article 40.09, Subd. 5, V.A.C.C.P., which sets out the procedure for indigent defendants to obtain a free transcript on appeal, states:

> If a party desires to have all or any portion of a transcription of a court reporter's notes included in the record, he shall so designate with the clerk in writing and within the time required by Section 2 of this Article ... The court will order the reporter to make such a transcription without charge to appellant *if the court finds, after a hearing in response to an affidavit filed by appellant ... that he is unable to pay or give security therefor.*

These statutes have been consistently construed according to their clear, unambiguous and strict mandates, which is in keeping with the tight budgetary limitations of this State. *Smith v. Flack,* 728 S.W.2d 784, 789 (Tex.Cr.App.1987); *Dickens v. Court of Appeals for Second Judicial District,* 727 S.W.2d 542, 547 (Tex.Cr.App.1987). Under Article 26.05, an appointed attorney can only be compensated if he appears in court and will only be compensated once where he appears in court for two separate defendants or where he appears in court for a single defendant twice indicted. *Freeman v. State,* 556 S.W.2d 287, 302–303 (Tex.Cr.App.1977). *See* Tex.Atty.Gen.Op. No. H–298 (1974); Tex.Atty.Gen.Op. No. H–330 (1974). Concerning investigative and expert witness expenses, under section 1(d) of Article 26.-05, appointed counsel can only be reimbursed for expenses actually incurred, and cannot be compensated under this section for legal research and trial preparation. *Myre v. State,* 545 S.W.2d 820, 826 (Tex.Cr.App.1977); *Henriksen v. State,* 500 S.W.2d 491, 494–495 (Tex.Cr.App.1973). *See,* Tex.Atty.Gen.Op. No. H–909 (1976).

**5.** All emphasis added unless otherwise noted.

Notice of indigency is a requirement that pervades the statutory scheme, and, likewise, the active, discretionary determination of the court is heavily relied upon for the appointment of counsel. *See, Abdnor v. State,* 712 S.W.2d 136, 141 (Tex.Cr.App. 1986); *Ex parte Bain,* 568 S.W.2d 356 (Tex.Cr.App.1978); *Castillo v. State,* 571 S.W.2d 6, 7 (Tex.Cr.App.1978); *Hoagland v. State,* 541 S.W.2d 442 (Tex.Cr.App 1976); *Shaw v. State,* 539 S.W.2d 887 (Tex.Cr. App.1976); *Weeks v. State,* 521 S.W.2d 858 (Tex.Cr.App.1975); *Foley v. State,* 514 S.W.2d 449 (Tex.Cr.App.1974). *See generally,* 1 Texas Criminal Practice Guide, Sec. 1.03[1]–[4], p. 1–24.

■ There is no duty imposed on the trial court to appoint counsel until the defendant shows that he is indigent. The indigency determination is to be made on a case-by-case basis as of the time the issue is raised and not as of some prior or future time. *Abdnor v. State,* supra; *Harriel v. State,* 572 S.W.2d 535, 537 (Tex.Cr.App. 1978); *Barber v. State,* 542 S.W.2d 412, 413 (Tex.Cr.App.1976). In order to make its determination of indigency, the trial court is authorized under Articles 26.04 and 40.-09, V.A.C.C.P., to conduct an evidentiary hearing. The court may conduct such hearings at any time during the proceedings when it is placed on notice that there may be a change in the financial or economic condition which would alter the accused's indigency status. *Foley v. State,* supra. The trial court has no duty to appoint counsel where an indigent defendant has managed to retain counsel or where the defendant has made no showing of indigency. *Harriel v. State,* supra; *Steel v. State,* 453 S.W.2d 486, 487 (Tex.Cr.App. 1970).

■ Thus, from the statutes governing the appointment of counsel to indigents emmanates a body of caselaw reinforcing the requirements of when and how counsel shall be appointed. These requirements are evidence of the importance placed on notice and formal appointment. Counsel is to be appointed only when indigency is shown and it follows that prior to such a showing counsel is not to be appointed or compensated by the State. See, Tex.Atty. Gen.Op. No. JM–803 (1987).[6]

■ We now hold that state funded attorney fees cannot be awarded for services rendered prior to the date that counsel is appointed to represent an indigent. Before indigency is brought to the court's attention or proven at a hearing, it is presumed that counsel has made the proper fee arrangements. Where counsel is already representing a client, fee arrangements are a private matter between client and counsel. District courts cannot carry the burden of ensuring that defense counsel receives compensation from his clients. Unless the court knows or reasonably should know of indigency, the court need not initiate an inquiry. We properly place the burden on the defendant and his counsel to bring indigency to the court's attention.

■ In the instant case, relator wholeheartedly represented defendant without any mention of appointment or indigency. Relator, in fact, voluntarily took over as sole counsel for defendant when co-counsel withdrew and never requested appointment throughout months of representation. By all indications, it was only after counsel realized that defendant was not going to pay that he requested attorney fees for the work that he had completed. Thus, relator attempts to place the state in the precarious position of paying fees that he could not collect from his client. Such compensation is not contemplated by Article 26.05, V.A.C.C.P.

The trial court had no authority to order payment of attorney fees accumulated prior to formal appointment. Thus, we find that the portion of the judges' order awarding pre-appointment fees is void.

Nothing in this opinion precludes relator from re-petitioning the district judge for

6. This Attorney General Opinion was issued in response to a letter requesting such opinion from the Eastland County District Attorney concerning the instant action. In the opinion, the Attorney General refused to resolve the issues presented because the instant writ was presently pending in the courts.

any and all post-appointment court appearances for which he has not yet been compensated. Nor does our holding today limit the district judge's authority under Article 26.05, V.A.C.C.P. to order any reasonable post-appointment fee.

The application is denied.

DUNCAN, J., concurs in result.

CLINTON, J., dissents.

ONION, Presiding Judge, dissenting.

This mandamus action seeking to collect $17,010.00 in attorney's fees is not a "criminal law matter" as contemplated by Article V, § 5 of the State Constitution and Article 4.04, V.A.C.C.P. This Court is without jurisdiction to entertain this application for mandamus. For the reasons stated in my dissenting opinion in *Smith v. Flack*, 728 S.W.2d 784, 796 (Tex.Cr.App.1987), I dissent to any action except dismissal of the application for writ of mandamus.

TEAGUE, Judge, dissenting.

The issue that is actually before this Court to be resolved is whether the trial judge had the authority to order the Commissioners Court of Eastland County to pay relator the sum of $17,010.00 as court appointed attorney's fees, which concerned his court appointment to represent an indigent accused individual. The question whether a trial judge might order that attorney's fees be paid for work done by the attorney when the attorney represented the accused in a non-court appointed capacity is what Judge White, on behalf of a majority of this Court, answers and writes on. Perhaps one should not quarrel with what he states on that issue. But that is not the issue that is before us to resolve.

I attach hereto and make a part hereof as "Appendix A" a copy of the trial judge's order ordering the Commissioners Court of Eastland County to pay relator $17,010.00 as his fee for representing an indigent defendant. The trial judge's order, as it now reads, is a non-severable order. Because it is subject to debate whether the trial judge's order was intended to cover both the period of time when relator represented

his client in the capacity of a non-court appointed attorney and when he represented his client in the capacity of a court appointed attorney, a hearing should be conducted in the trial court. The majority of this Court, however, declines to issue that order. I dissent to that decision.

Thus, the trial judge's order as it now reads must be construed in the most liberal manner and not how one might desire that it should read.

Of course, in construing the order as it is now worded, one should take into consideration the law that then governed the trial judge's authority to set the amount of the attorney's fee for court appointed counsel.

As easily seen, the trial judge's order expressly provides that the application that had been submitted by relator was ordered approved. However, after the trial judge approved the application, he then stated the following: "and it is the further ORDER of the Court that the Honorable Commissioners Court of Eastland County, State of Texas, promptly pay GEORGE GRAY, court appointed attorney for the indigent defendant, BRENDA GAIL (PERRY) ANDREWS, the sum of $17,010.00 for said attorney's legal services rendered said defendant to date in the above captioned and numbered cause." There is nothing *in this order* that might reflect or indicate that the trial judge was not ordering relator paid $17,010.00 for the services he performed *after* he was court appointed. Given the wording of the order, it is actually only the trial judge himself who knows on what basis he arrived at the $17,010.00 figure, and the record at this time does not reflect just exactly what he had in mind when he signed the order. We have not yet heard from the trial judge.

Because we have not yet heard from the trial judge, given the state of this record, and to be fair to both parties, I find that a factual hearing is necessary in this case. Because this Court is ill equipped to conduct a hearing, the preferred procedure in a mandamus proceeding is to have the trial court conduct the hearing. See and compare *Wolters v. Wright*, 623 S.W.2d 301, 305 (Tex.1981). Therefore, in order to

make the determination whether the order should be severable, I first vote to order the trial judge to conduct a hearing on this issue, during which hearing Hon. Claude Williams must testify so that we will be aware of his views on the subject.

Otherwise, we must read the order in the light most favorable to relator. Such a reading requires that we grant the writ of mandamus.

The order that orders the payment of $17,010.00 to relator, as it now reads, is not a severable order and the order, as it now reads, must be liberally read. This causes the order to read that when the trial judge signed the order he intended that relator be paid $17,010.00 for the services that he rendered since becoming court appointed for Andrews.

The record before us makes it clear to me that at all times the respondents have defended this application on the following, and only the following, ground: The trial judge's order was not duly presented to the Commissioners Court of Eastland County for its consideration and determination of whether or not to approve the same. Judge White himself correctly eliminates this "defense" from the case, because "The Commissioners Court knew of the order and refused to pay it. This suffices as a demand for performance and a denial making it the proper subject for the instant writ." Footnote 4, page 605.

It is true that the respondents argue that they received no notice that the trial judge was going to sign the order when he did. However, there was nothing in our law when the trial judge signed the order that might have required them to be notified that the trial judge was going to sign the order. Of course, when the respondents learned of the order, they unquestionably could have petitioned or motioned the trial judge to reconsider the total amount of $17,010.00 that he had ordered paid to relator, or sought to have it clarified. But, they did not see fit to take either step, and have not to this date seen fit to take either step.

It is important for the reader to understand that from the face of the order, that ordered the payment of $17,010.00 to relator, one cannot state with legal certainty that any portion of the $17,010.00 was meant to go to the pre-court appointment stage of the proceedings. The order, like any court order, must be read and construed in a liberal fashion.

As the order, ordering the payment of $17,010.00 to relator, now reads, it is a nonseverable order as to the total figure of $17,010.00, and because there is nothing in the order that any portion of the $17,010.00 related to the pre-court appointment proceedings, or, to put it another way, because there is nothing in *the order* that might reflect or indicate that all of the $17,010.00 was not meant to go to the post-court appointment proceedings, relator is entitled to be paid the $17,010.00, as ordered by the trial judge. His application for the writ of mandamus should be granted because, under this record, respondents only have a ministerial duty to perform, and that is to approve the order so that the County Treasurer of Eastland County can issue a check in the amount of $17,010.00 to relator.

Under the terms of Art. 26.05, supra, as it existed when the trial judge made the appointment and when he signed the order of payment of $17,010.00 to relator, the statute clearly provided that as to the sum of money that might be ordered paid a court appointed attorney by the trial judge, that determination would be made solely by the trial judge *and no one else,* and the statute did not set any maximum fee that the trial judge could approve to be paid for each day or fractional part thereof in court representing the accused. The statute only set a minimum fee of $50.00; it did not set a maximum fee that could be paid. Nor did the statute require that an itemized bill be presented to the trial judge. Nor did the statute require that any notice be given to anyone before he signed the order of payment. Therefore, under the statute, a trial judge could approve whatever sum he felt was reasonable and could arrive at the figure by whatever method he himself chose to use, and he did not have to give anyone notice of what he was about to do or what he had done. And this Court so

held, either expressly or implicitly, in *Smith v. Flack,* 728 S.W.2d 784, 789 (Tex. Cr.App.1987). This Court further held in *Smith v. Flack, supra,* at pages 789–790, that "we find that Article 26.05 clearly places a mandatory duty upon the county to pay court-appointed attorney fees." (Footnote omitted).

In this instance, the Commissioners Court of Eastland County has never defended relator's application for the writ of mandamus on the ground that the $17,010.00 ordered by the trial judge to be paid to relator was an unreasonable attorney's fee for the services he performed after he was court appointed.

Given the state of the record before us, this Court should issue the writ of mandamus. To the failure of this Court to do its duty and issue the writ, I must, but respectfully, dissent.

APPENDIX A

The State of Texas

vs.

Brenda Gail (Perry) Andrews
No. 17,184

In the District Court

of

Eastland County, Texas

ORDER

The foregoing Application having come on to be considered by the Court, the Court finds that the facts set forth therein are true and correct and that said Application has merit, and that it should be granted;

THEREFORE, it is ADJUDGED, ORDERED AND DECREED that the Application is approved and it is the further ORDER of the Court that the Honorable Commissioners Court of Eastland County, State of Texas, promptly pay GEORGE GRAY, court-appointed attorney for the indigent defendant, BRENDA GAIL (PERRY) ANDREWS, the sum of $17,010.00 for said attorney's legal services rendered said defendant to date in the above-captioned and numbered cause.

Approved this 15 day of April, 1987.

/s/ Claude Williams
JUDGE PRESIDING

APR 22 1987