TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00289-CR






Frederick Jones, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY


NO. 95-2872-2, HONORABLE ROBERT F. B. (SKIP) MORSE, JUDGE PRESIDING







A jury found appellant guilty of possessing less than two ounces of marihuana. 
Tex. Health & Safety Code Ann. § 481.121 (West Supp. 1998). The jury assessed punishment
at incarceration for one hundred days, probated for twenty-four months.

Appellant's appointed trial counsel timely filed a notice of appeal. (1) Counsel also
timely filed a motion and affidavit requesting a free reporter's record. See Tex. R. App. P. 20.2
(substantively identical to former Tex. R. App. P. 53(j)(2) then in effect). No action was taken
on the motion. On October 1, 1997, the Clerk notified the court reporter that the record was
overdue and asked for an explanation. In response, Judge Morse wrote a letter to the Clerk stating
that no attorney had been appointed to represent appellant on appeal and that the reporter's record
had not been requested.

On October 15, 1997, this Court issued an order reciting the above facts and
instructing the county court at law to order the preparation of the reporter's record at no cost to
appellant, to be filed no later than November 14, 1997. This was not done. Instead, on October
27, the State filed a motion in the county court at law to reconsider appellant's indigence. A
hearing on this motion was conducted on November 6, 1997. At the conclusion of the hearing,
the court concluded that appellant was not indigent and overruled the motion for a free record. 
On this Court's order, a transcription of the court reporter's notes from the hearing on indigence
was filed.

In his first point of error, appellant contends the county court at law erred by failing
to comply with this Court's October 15, 1997, order directing the preparation of a free reporter's
record. In his second point, appellant contends the court abused its discretion by determining that
he is not indigent. Appellant asks that we set aside the finding that appellant is not indigent and
reaffirm our order directing the preparation of a free reporter's record. We conclude that
appellant is not entitled to a free reporter's record under the circumstances presented.

This Court ordered the preparation of the reporter's record in the interest of time
and on the assumption that no question of appellant's indigence existed. Strictly speaking,
however, appellant was entitled only to a hearing on his motion for a free record. See Gray v.
State, 928 S.W.2d 561, 562-63 (Tex. Crim. App. 1996). Further, after this Court's order, the
State filed a motion questioning appellant's indigence. A trial court may conduct an evidentiary
hearing on the question of indigence whenever it is placed on notice that there may be a change
in the defendant's financial condition. Gray v. Robinson, 744 S.W.2d 604, 607 (Tex. Crim. App.
1988). We conclude that the county court at law did not err by conducting an evidentiary hearing
on the issue of appellant's indigence.

The appellant has the burden of sustaining his claim of indigence. Abdnor v. State,
712 S.W.2d 136, 141 (Tex. Crim. App. 1986). Whether an appellant is entitled to a free
reporter's record is a question that must be answered on a case-by-case basis, and a trial court's
determination of the issue is reviewable only for abuse of discretion. Newman v. State, 937
S.W.2d 1, 3 (Tex. Crim. App. 1996). At the hearing below, appellant testified that his income
exceeded his expenses by approximately $180 per month. More significantly, appellant offered
no evidence regarding the estimated cost of the reporter's record from his trial. On this record,
we cannot conclude that appellant established his entitlement to a free record. No abuse of
discretion is shown.

The points of error are overruled. The judgment of conviction is affirmed.



 

 Mack Kidd, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: October 29, 1998

Do Not Publish
1. The county court at law appointed counsel to represent appellant at trial after finding that
appellant was indigent. Trial counsel continues to represent appellant on appeal. See Tex. Code
Crim. Proc. Ann. art. 26.04(a) (West 1989).



>

FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY


NO. 95-2872-2, HONORABLE ROBERT F. B. (SKIP) MORSE, JUDGE PRESIDING







A jury found appellant guilty of possessing less than two ounces of marihuana. 
Tex. Health & Safety Code Ann. § 481.121 (West Supp. 1998). The jury assessed punishment
at incarceration for one hundred days, probated for twenty-four months.

Appellant's appointed trial counsel timely filed a notice of appeal. (1) Counsel also
timely filed a motion and affidavit requesting a free reporter's record. See Tex. R. App. P. 20.2
(substantively identical to former Tex. R. App. P. 53(j)(2) then in effect). No action was taken
on the motion. On October 1, 1997, the Clerk notified the court reporter that the record was
overdue and asked for an explanation. In response, Judge Morse wrote a letter to the Clerk stating
that no attorney had been appointed to represent appellant on appeal and that the reporter's record
had not been requested.

On October 15, 1997, this Court issued an order reciting the above facts and
instructing the county court at law to order the preparation of the reporter's record at no cost to
appellant, to be filed no later than November 14, 1997. This was not done. Instead, on October
27, the State filed a motion in the county court at law to reconsider appellant's indigence. A
hearing on this motion was conducted on November 6, 1997. At the conclusion of the hearing,
the court concluded that appellant was not indigent and overruled the motion for a free record. 
On this Court's order, a transcription of the court reporter's notes from the hearing on indigence
was filed.

In his first point of error, appellant contends the county court at law erred by failing
to comply with this Court's October 15, 1997, order directing the preparation of a free reporter's
record. In his second point, appellant contends the court abused its discretion by determining that
he is not indigent. Appellant asks that we set aside the finding that appellant is not indigent and
reaffirm our order directing the preparation of a free reporter's record. We conclude that
appellant is not entitled to a free reporter's record under the circumstances presented.

This Court ordered the preparation of the reporter's record in the interest of time
and on the assumption that no question of appellant's indigence existed. Strictly speaking,
however, appellant was entitled only to a hearing on his motion for a free record. See Gray v.
State, 928 S.W.2d 561, 562-63 (Tex. Crim. App. 1996). Further, after this Court's order, the
State filed a motion questioning appellant's indigence. A trial court may conduct an evidentiary
hearing on the question of indigence whenever it is placed on notice that there may be a change
in the defendant's financial condition. Gray v. Robinson, 744 S.W.2d 604, 607 (Tex. Crim. App.
1988). We conclude that the county court at law did not err by conducting an evidentiary hearing
on the issue of appellant's indigence.

The appellant has the burden of sustaining his claim of indigence. Abdnor v. State,
712 S.W.2d 136, 141 (Tex. Crim. App. 1986). Whether an appellant is entitled to a free
reporter's record is a question that must be answered on a case-by-case basis, and a trial court's
determination of the issue is reviewable only for abuse of discretion. Newman v. State, 937
S.W.2d 1, 3 (Tex. Crim. App. 1996). At the hearing below, appellant testified that his income
exceeded his expenses by approximately $180 per month. More significantly, appellant offered
no evidence regarding the estimated cost of