In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00004-CR
______________________________


JAMES RAY ATWOOD, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 123rd Judicial District Court
Panola County, Texas
Trial Court No. 2001-C-033-CCL


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N

            Following an incident on January 24, 2001, a Panola County grand jury indicted James Ray
Atwood for causing bodily injury to a child. Atwood voluntarily waived his right to trial by jury, and
after hearing the evidence, the trial court found Atwood guilty.


 On appeal, Atwood contends that
(1) the indictment was presented out of the appropriate term of court, (2) the State failed to prove
venue, and (3) he was denied effective assistance of counsel. 
Term of Court
            In his first point of error, Atwood asserts the Panola County grand jury's indictment was
presented out of the appropriate term of court, divesting the court of its jurisdiction and rendering
its judgment void. Misinterpreting Section 24.225 of the Texas Government Code, Atwood contends 
the terms of court in Panola County begin on the first Mondays in January, May, and September and
end on the last day preceding the first Mondays in March, July, and November. This would mean 
there would be three, two-month terms of court in Panola County: January through February, May
through June, and September through October. Following this reasoning, Atwood concludes the
indictment returned against him on March 8, 2001, was void because the Panola County grand jury,
empaneled in the January term of 2001, returned the indictment after the term of court had already
expired. 
            Addressing this issue in Hicks v. State, No. 06-02-00064-CR, 2003 Tex. App. LEXIS 6816
(Tex. App.‒Texarkana Aug. 8, 2003, no pet.) (not designated for publication), this Court explained
that the 123rd Judicial District is composed of two counties and that the terms of court in each
county begin at staggered and overlapping intervals. Id. at *12-13. The beginning of a term of court
in one county does not effectively end the term of court in the other county; instead, each term is
continuous, beginning "on a day fixed by law" and continuing "until the day fixed by law for the
beginning of the next succeeding term." Tex. Gov't Code Ann. § 24.012(b) (Vernon Supp. 2003). 
This means the January term of the 123rd Judicial District Court of Panola County begins on the first
Monday in January and ends on the last day preceding the first Monday in May.
            Atwood's reliance on Webb v. State, 161 Tex. Crim. 442, 278 S.W.2d 158 (1955), to support
his position that the indictment should have been dismissed due to the trial court's lack of jurisdiction
is also misplaced. Unlike in the present case, the grand jury in Webb convened for a special term of
court despite the trial court's lack of authority to call a special term before the adjournment of the
regular term. Atwood's indictment, however, was returned by a grand jury convened for a regular
term of court which had not yet expired. As stated above, the January term of the 123rd Judicial
District Court of Panola County began on the first Monday of January and ended on the last day
preceding the first Monday in May, the day before the May term began. The indictment, filed on
March 8, 2001, clearly fell within the January term of court, and its presentment to the 123rd Judicial
District Court during this term was sufficient to invest jurisdiction under Article V, Section 12(b)
of the Texas Constitution. See Tex. Const. art. V, § 12(b).
Proof of Venue
            In his second point of error, Atwood contends the State failed to prove venue, constituting
reversible error. When reviewing this issue on appeal, we rely on the presumption that venue was
proved in the trial court unless the matter was disputed at trial or the record affirmatively shows the
contrary. Tex. R. App. P. 44.2(c)(1). Atwood readily concedes "there was no objection made during
trial concerning venue"; nevertheless, he claims that his plea of not guilty placed venue in issue and
the State's evidence failed to establish Panola County as the location of the offense. To reach the
conclusion that pleading not guilty properly raised the issue of venue, Atwood apparently relies on
the following statement in Black v. State, 645 S.W.2d 789 (Tex. Crim. App. 1983):
A plea of not guilty puts in issue the allegations of venue, and the State must prove
such allegations or a conviction will not be warranted. It is unnecessary for the
defendant to put venue in issue by either special plea or negation of the allegation:
venue  must  be  proved  as  alleged.  

Id.  at  790  (citing  Tex.  Code  Crim.  Proc. Ann. art. 13.17 (Vernon 1977)). We note, however,
that the Texas Court of Criminal Appeals later indicated that "Black should not be read to mean that
by pleading not guilty an accused who does not otherwise timely raise an issue of venue in the trial
court has made an issue of venue for purposes of avoiding the presumption provided in Article
44.24(a)."


 Holdridge v. State, 707 S.W.2d 18, 20-21 (Tex. Crim. App. 1986) (en banc). Because 
 
Atwood failed to dispute venue before the trial court and the record does not affirmatively refute
proper venue, we presume valid venue. Tex. R. App. P. 44.2(c)(1).
Effective Assistance of Counsel
            In his third point of error, Atwood argues he was denied effective assistance of counsel
because his trial counsel: (1) failed to object to the indictment's presentment allegedly outside of the
appropriate  term  of  court;  (2)  failed  to  object  to  the  State's  alleged  failure  to  prove  venue;
and (3) withdrew after trial, but before the hearing on Atwood's pro se motion for new trial. When
reviewing a claim of counsel's ineffectiveness, we apply the two-part analysis outlined in Strickland
v. Washington, 466 U.S. 668 (1984), and adopted by the Texas Court of Criminal Appeals in
Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986). In Strickland, the United States
Supreme Court reaffirmed that the Sixth Amendment's recognition of the right to counsel as "the
right to effective assistance of counsel" designed to ensure that "the adversarial testing process works
to produce a just result." Strickland, 466 U.S. at 685-86 (quoting McMann v. Richardson, 397 U.S.
759, 771 n.14 (1970)). Because of the inherent difficulties in evaluating an attorney's conduct after
the fact, however, "scrutiny of counsel's performance must be highly deferential" and courts "must
indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable
professional assistance." Id. at 689. To overcome the presumption, a convicted defendant must
demonstrate that (1) counsel's performance was so erroneously deficient that the defendant was not
afforded the counsel guaranteed by the Sixth Amendment, and (2) the deficient performance
prejudiced the defense, depriving the defendant of a fair trial. Id. at 687. That is, "but for counsel's
deficient performance, the result of the proceeding would have been different." Valencia v. State,
946 S.W.2d 81, 83 (Tex. Crim. App. 1997).
            Contrary to Atwood's contention that he was denied effective assistance because his attorney
failed to object regarding the timing of the indictment's presentment and the proof of venue, the
record does not suggest Atwood's trial counsel's conduct fell below the standards of reasonable
representation. First, as discussed above, there is no merit in Atwood's claim that the indictment was
presented outside of the appropriate term of court. Second, it is not unreasonable to conclude it was
with sound professional judgment that Atwood's counsel considered the evidence of venue sufficient
and chose, instead, to focus on more persuasive evidence in attempting to bolster Atwood's claim
that he was not guilty of the charged offense. As a matter of trial strategy, well within the norms of
professional competence, counsel may well have believed that the requirements of venue were
satisfied and that pursuing the issue might only serve to distract the court from evidence more
favorable to his client.
            Atwood's third argument in support of his claim that he was denied effective assistance of
counsel is based on the assumption he was actually denied the assistance of counsel at a critical stage
of his prosecution. Atwood argues it was only shortly before the date set for the hearing on his
motion for new trial that he learned his trial counsel would no longer represent him, and he was
unable to retain new counsel even after the court rescheduled the hearing to a later date. The record
itself is unclear as to when Atwood's trial counsel withdrew his representation; nevertheless, it is
clear from the record that both Atwood and the trial court proceeded, at least from December 6, as
if Atwood was no longer represented. Normally, when there is no indication counsel filed a motion
to withdraw or was replaced by new counsel after sentencing, there arises a rebuttable presumption
that "trial counsel continued to effectively represent the defendant during the time limit for filing a
motion for new trial." Prudhomme v. State, 28 S.W.3d 114, 119 (Tex. App.‒Texarkana 2000, no
pet.); see Oldham v. State, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998). In this case, however, the
record not only indicates that the parties were aware Atwood was no longer represented, but also
demonstrates the court's awareness of the fact in that it twice extended the hearing on Atwood's
motion for new trial, expressly advising him to retain new counsel.
            Judgment  in  this  case  was  entered  on  October  7,  2002.  On  October  17,  Atwood  filed
a pro se motion for new trial, and a hearing on the motion was set for December 6. Atwood appeared
at the hearing, indicated he had only been told in the previous week that trial counsel would no
longer represent him, and requested an extension of time in order to retain another attorney. The
court granted Atwood's request; however, Atwood appeared again on December 9, expressed his
inability to retain new counsel, and asked the court to appoint an attorney. After reviewing Atwood's
income and expenses, the court determined he did not meet the criteria for indigence and denied his
request to appoint new counsel. The court rescheduled the hearing on Atwood's motion for
December 20, but Atwood again appeared without representation. Atwood's motion for new trial
was reviewed and subsequently denied. 
            This Court has previously held that the thirty-day period following sentencing and preceding
the deadline for filing a motion for new trial "is a critical stage of the proceedings during which a
criminal defendant is constitutionally entitled to assistance of counsel." Prudhomme, 28 S.W.3d at
119; see also Blumenstetter v. State, No. 06-02-00127-CR, 2003 Tex. App. LEXIS 8387 (Tex.
App.‒Texarkana Sept. 26, 2003, no pet. h.). Recognizing the importance of this time period,
Atwood notes that prejudice may be presumed with "some varieties of Sixth Amendment violation,
such as the actual or constructive denial of counsel altogether at a critical stage of the criminal
proceeding," Batiste v. State, 888 S.W.2d 9, 14 (Tex. Crim. App. 1994) (citing Strickland, 466 U.S.
at 692), and argues that the trial court's failure to appoint counsel at this critical stage triggered the
presumption of prejudice. We disagree.
            Although a criminal defendant is constitutionally entitled to effective assistance of counsel
in preparing and presenting a defense, "[t]here is no duty imposed on the trial court to appoint
counsel until the defendant shows that he is indigent." Gray v. Robinson, 744 S.W.2d 604, 607 (Tex.
Crim. App. 1988). A defendant has the burden of demonstrating he or she is "a person who is not
financially able to employ counsel," Tex. Code Crim. Proc. Ann. art. 1.051(b) (Vernon Supp.
2003), and trial courts, on notice of a defendant's claim, are authorized to make an indigency
determination on a case-by-case basis as of the time the issue was raised. Gray, 744 S.W.2d at 607. 
Determination of a defendant's indigency status rests squarely within the discretion of the trial court
and is reviewable only for a clear abuse of that discretion. Newman v. State, 937 S.W.2d 1, 3 (Tex.
Crim. App. 1996); Rosales v. State, 748 S.W.2d 451, 455 (Tex. Crim. App. 1987). The trial court's
determination, therefore, will be disturbed on appeal only if the court acted arbitrarily and
unreasonably, without reference to any guiding rules or principles, or is so clearly wrong as to lie
outside the zone within which reasonable persons might disagree. Heidelberg v. State, 36 S.W.3d
668, 675 (Tex. App.‒Houston [14th Dist.] 2001, no pet.).
            Article 26.04(m) of the Texas Code of Criminal Procedure lays out several criteria courts
may consider in making an indigency determination, including "the defendant's income, source of
income, assets, property owned, outstanding obligations, necessary expenses, the number and ages
of dependents, and spousal income that is available to the defendant." Tex. Code Crim. Proc.
Ann. art. 26.04(m) (Vernon Supp. 2003). In the present case, after appearing for the second time
without representation at the hearing on his motion for new trial, Atwood requested appointed
counsel. Acting on this request, the trial court examined Atwood's financial status, specifically
reviewing income and assets compared to expenses and outstanding obligations, and determined 
Atwood was not, in fact, indigent.


 For this reason, the court denied Atwood's request and
rescheduled the hearing, telling Atwood the motion would be considered at that time whether or not
he had retained an attorney. 
            The evidence on appeal fails to suggest Atwood was deprived of counsel in violation of his
constitutional rights. Although Atwood claims he was made aware his trial counsel would no longer
represent him only the week before the hearing on his motion for new trial, the record indicates the
trial court repeatedly advised him to retain counsel, twice rescheduled the hearing in order for
Atwood to do so, and even entertained the possibility of appointing counsel in the event Atwood met
the requirements for indigency. Viewing the evidence in the light most favorable to the trial court's
ruling and affording it almost total deference, Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997), we cannot say the court abused its discretion in determining Atwood was not indigent. The
court, therefore, was well within its province in denying Atwood's request for appointed counsel.
Conclusion
            We conclude that (1) the filing of the indictment clearly fell within the appropriate term of
court, (2) venue was sufficiently proved, and (3) Atwood was not deprived of counsel in violation
of his constitutional rights. 
            We, therefore, affirm the judgment of the trial court.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          October 20, 2003
Date Decided:             October 28, 2003

Publish