NO. 07-02-0250-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



SEPTEMBER 1, 2005


______________________________



SAMMY CHAVEZ, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;



NO. 2104-B; HON. GORDON H. GREEN, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Appellant Sammy Chavez appeals his conviction for delivering marijuana. His sole
issue concerns the trial court's decision to overrule his application for appointed trial
counsel. We affirm the judgment of the trial court.

 There is no duty on the part of the trial court to appoint counsel until the defendant
shows he is indigent. Gray v. Robinson, 744 S.W.2d 604, 607 (Tex. Crim. App. 1988);
Atwood v. State, 120 S.W.3d 892, 896 (Tex. App.-Texarkana 2003, no pet.). Furthermore,
the decision regarding a defendant's status as an indigent is made on a case-by-case basis
as of the time the issue is raised and not as of some prior or future time. Whitehead v.
State, 130 S.W.3d 866, 874 (Tex. Crim. App. 2004); Gray v. Robinson, 744 S.W.2d at 607. 
Next, should a prima facie showing of indigence be made by the defendant, the burden
shifts to the State to show that the accused is not impoverished. Whitehead v. State, 130
S.W.3d at 874. Finally, if after inquiry it appears that a defendant has sufficient resources
to hire a lawyer, the judge need not appoint one for him at government expense. Oliver v.
State, 872 S.W.2d 713, 716 (Tex. Crim. App. 1994). 

 Here, appellant informed the trial court at his arraignment that he was in the process
of hiring an attorney. The trial court gave him until March 27th to do so. When the 27th
arrived, appellant disclosed that his efforts were ongoing. This resulted in the trial court
affording him until April 10th to secure one. On April 10th, appellant made application for
an appointed attorney, but the trial court denied the application, finding that he did not
qualify for one. When the cause finally came on for trial on May 1st, appellant told the trial
court that he not only had secured $1000 with which to retain counsel but also contacted
a lawyer the day before. However, the attorney declined representation not because the
$1000 retainer was insufficient but because of the belatedness of appellant's request. No
additional time was given appellant by the court, however. Instead, it proceeded with the
trial. 

 Missing from the record before us are both the pretrial application purportedly filed
by appellant and the evidence, if any, he used to support his request. Moreover, appellant
does not contend that he accompanied his application with any evidence to support the
request. See Whitehead v. State, 130 S.W.3d at 874 (stating that the allegations in a
motion for appointed counsel are not evidence). Nor are we cited to any such evidence. 
Without this information, we cannot say whether appellant fulfilled his burden to establish
a prima facie showing of indigence. This is fatal since an appellant must present us with
a record sufficient to show reversible error. Kent v. State, 982 S.W.2d 639, 641 (Tex.
App.-Amarillo 1998, pet. ref'd, untimely filed). 

 That evidence of indigence may have been tendered after trial and in support of his
application for appointed counsel on appeal is of no benefit. This is so because we do not
know if the trial court had that information before it when it decided to deny the application. 
Again, the decision is made on a case-by-case basis as of the time the issue is raised. So,
evidence outside the purview of the trial court at the time of its ruling cannot be used to
later attack that ruling. See Whitehead v. State, 130 S.W.3d at 874 (stating that the
affidavits could not be considered on appeal since they were not before the trial court when
it ruled). 

 In sum, we do not know what evidence, if any, appellant offered the trial judge when
he moved for appointed trial counsel. Yet, we do know that he had access to at least
$1000 before trial with which to retain an attorney. These circumstances prevent us from
holding that the court's refusal to appoint trial counsel was erroneous.

 Accordingly, the judgment of the trial court is affirmed.


 Per Curiam

Do not publish.



 UnhideWhenUsed="false" Name="Light Grid"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0235-CR

NO. 07-10-0236-CR

NO. 07-10-0237-CR

NO. 07-10-0238-CR

NO. 07-10-0239-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

FEBRUARY 24, 2011

 

______________________________

 

 

JOE MARVIN SLUTZ, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

 

NOS. 58,571-E, 58,572-E, 58,573-E, 58,574-E &
58,575-E;

 

HONORABLE DOUGLAS R. WOODBURN, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

In 2008, Appellant, Joe Marvin Slutz,
was convicted and sentenced as follows: cause number 58,571-E, sexual assault of a
childBtwenty years
confinement; (2) cause number 58,572-E, Count IBaggravated sexual
assault of a childBconfinement for life; Count IIBaggravated sexual
assault of a childBconfinement for life; (3) cause number
58,573-E, aggravated sexual assault of a childBconfinement for
life; (4) cause number 58,574-E, aggravated sexual assault of a childBconfinement for
life; and (5) cause number 58,575-E, aggravated sexual assault of a childBconfinement for
life.  His convictions were affirmed by
this Court.  See Slutz v. State, Nos. 07-08-00434-CR,
07-08-00435-CR, 07-08-0436-CR, 07-08-0437, and 07-08-0438-CR, 2009 Tex. App.
LEXIS 8326 (Tex.App.--Amarillo Oct. 29, 2009, pet. dism'd).

            On March 12, 2010, Appellant filed,
in each cause, a Motion for Post Conviction DNA Testing Pursuant to Chapter 64
of the Texas Code of Criminal Procedure. 
As required by article 64.02(a)(2)(B) of the Code, the State responded
to Appellant's motion by explaining that no evidence could be delivered for
testing because none had been collected.  In its brief, the State explained that during
Appellant's trial, the Sexual Assault Nurse Examiner testified that she did not
collect any samples for testing because the last sexual assault had occurred
outside a ninety-six hour period.  No
hearing was held on Appellant's motion, and the trial court entered an order in
each cause denying the motion.[1]  Appellant now appeals the denial of his
request for DNA testing. 

            Relying on McKenzie v. State, 617 S.W.2d 211
(Tex.Crim.App. 1981), Appellant argues that "[t]he rule is well settled
that where the state introduces an exculpatory statement or confession of a
defendant it is then bound to disprove it and failure to do so is grounds for
acquittal."  Id. at 217.  McKenzie has no application to this
appeal from the trial court's denial of a request for DNA testing.  Furthermore, Appellant does not brief nor
argue entitlement to appointed counsel or challenge the trial court's
rulings.  See Tex. R. App. P. 38.1(i).  Nevertheless, we will construe his brief as a
challenge to the denial of his motions for DNA testing.

            We review the trial
court's decision to deny DNA testing under the bifurcated standard announced in
Guzman v. State, 955 S.W.2d 85, 89
(Tex.Crim.App. 1997).  See Rivera
v. State, 89 S.W.3d 55, 59 (Tex.Crim.App. 2002). 
Chapter 64 of the Texas Code of Criminal Procedure provides that a
convicting court may order forensic DNA testing only if it finds the evidence Astill exists and is in a condition
making DNA testing possible.@ 
Tex. Code Crim. Proc. Ann. art. 64.03(a) (West Supp.
2010).  The burden is on the
convicted person to establish by a preponderance of the evidence that he would
not have been convicted if exculpatory results had been obtained through DNA
testing, and the request for the proposed DNA testing is not made to
unreasonably delay the execution of sentence or administration of justice.  Art. 64.03(a)(2).  Simply stated, the convicted person must show
the existence of a reasonable probability that exculpatory DNA tests would
prove his innocence.  Kutzner v. State, 75 S.W.3d 427,
439 (Tex.Crim.App. 2002). 

Additionally, the Court of Criminal Appeals has held that A[n]othing
in Article 64.03 requires a hearing of any sort concerning the trial court=s determination of whether a
defendant is entitled to DNA testing.@  Rivera, 89 S.W.3d at 58-59.  Therefore,
the trial court, in deciding whether the evidence to be tested still exists,
may reach its decision based on the sufficiency of the State=s written explanation of its failure
to deliver the requested evidence.  See
Mearis v. State, 120 S.W.3d
20, 24 (Tex.App.BSan Antonio 2003,
pet. ref=d).

In the present case, the State explained there was no
biological material to test.  Based on
the sufficiency of the State's reason, the trial court concluded that Appellant
was not entitled to DNA testing.  Consequently,
Appellant did not demonstrate entitlement to appointed counsel or to DNA
testing.[2]  We hold the trial court did not err in
denying Appellant's request for DNA testing in each cause.  Appellant=s sole contention is overruled.

Accordingly, the trial court's orders are affirmed.

 

 

                                                                        Patrick
A. Pirtle

                                                                                          Justice

 

Do not publish.

 

 











[1]Although
the trial court's order is entitled "Order Denying Defendant's Motion for
DNA Testing and Appointment of Counsel," nowhere in his motions does
Appellant request appointment of counsel. 
Nevertheless, in the notices of appeal filed in cause numbers
07-10-0236-CR and 07-10-0237-CR, Appellant complains that the trial court did
not appoint counsel to represent him in pursuing DNA testing. Entitlement to
appointed counsel to pursue DNA testing is not absolute.  The convicted person must meet three
criteria:  (1) inform the trial court
that he wants to submit a motion for the appointment of counsel; (2) the trial
court must find that "reasonable grounds" exist for the filing of the
motion; and (3) the trial court must find that the convicted person is
indigent.  Gutierrez v. State, 307 S.W.3d 318, 321
(Tex.Crim.App. 2010).

 





[2]On
January 25, 2011, Appellant filed an untimely Reply Brief.  He complains that his conviction was based on
extraneous offense evidence.  This issue
was addressed and resolved against Appellant in his direct appeals.  See Slutz v. State, Nos. 07-08-00434-CR, 07-08-00435-CR,
07-08-00436-CR, 07-08-00437-CR, and 07-08-00438-CR, 2009 Tex. App. LEXIS 8326
(Tex.App.--Amarillo Oct. 29, 2009, pet. dism'd).  His other complaints relate to alleged
biological material.  As the State
explained, no biological material was collected; thus, there is nothing to test.  We overrule the arguments raised in
Appellant's Reply Brief.