NO. 07-02-0250-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 1, 2005
_____

SAMMY CHAVEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;

NO.  2104-B; HON. GORDON H. GREEN, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Sammy Chavez appeals his conviction for delivering marijuana.  His sole issue concerns the trial court's decision to overrule his application for appointed trial counsel.  We affirm the judgment of the trial court.

There is no duty on the part of the trial court to appoint counsel until the defendant shows he is indigent.  *Gray v. Robinson,* 744 S.W.2d 604, 607 (Tex. Crim. App. 1988); *Atwood v. State,* 120 S.W.3d 892, 896 (Tex. App.–Texarkana 2003, no pet.).  Furthermore,

the decision regarding a defendant's status as an indigent is made on a case-by-case basis as of the time the issue is raised and not as of some prior or future time. *Whitehead v. State,* 130 S.W.3d 866, 874 (Tex. Crim. App. 2004); *Gray v. Robinson,* 744 S.W.2d at 607. Next, should a prima facie showing of indigence be made by the defendant, the burden shifts to the State to show that the accused is not impoverished. *Whitehead v. State,* 130 S.W.3d at 874. Finally, if after inquiry it appears that a defendant has sufficient resources to hire a lawyer, the judge need not appoint one for him at government expense. *Oliver v. State,* 872 S.W.2d 713, 716 (Tex. Crim. App. 1994).

Here, appellant informed the trial court at his arraignment that he was in the process of hiring an attorney. The trial court gave him until March 27th to do so. When the 27th arrived, appellant disclosed that his efforts were ongoing. This resulted in the trial court affording him until April 10th to secure one. On April 10th, appellant made application for an appointed attorney, but the trial court denied the application, finding that he did not qualify for one. When the cause finally came on for trial on May 1st, appellant told the trial court that he not only had secured $1000 with which to retain counsel but also contacted a lawyer the day before. However, the attorney declined representation not because the $1000 retainer was insufficient but because of the belatedness of appellant's request. No additional time was given appellant by the court, however. Instead, it proceeded with the trial.

Missing from the record before us are both the pretrial application purportedly filed by appellant and the evidence, if any, he used to support his request. Moreover, appellant does not contend that he accompanied his application with any evidence to support the request. *See Whitehead v. State*, 130 S.W.3d at 874 (stating that the allegations in a

2

motion for appointed counsel are not evidence). Nor are we cited to any such evidence. Without this information, we cannot say whether appellant fulfilled his burden to establish a prima facie showing of indigence. This is fatal since an appellant must present us with a record sufficient to show reversible error. *Kent v. State,* 982 S.W.2d 639, 641 (Tex. App.–Amarillo 1998, pet. ref'd, untimely filed).

That evidence of indigence may have been tendered *after* trial and in support of his application for appointed counsel *on appeal* is of no benefit. This is so because we do not know if the trial court had that information before it when it decided to deny the application. Again, the decision is made on a case-by-case basis as of the time the issue is raised. So, evidence outside the purview of the trial court at the time of its ruling cannot be used to later attack that ruling. *See Whitehead v. State*, 130 S.W.3d at 874 (stating that the affidavits could not be considered on appeal since they were not before the trial court when it ruled).

In sum, we do not know what evidence, if any, appellant offered the trial judge when he moved for appointed trial counsel. Yet, we do know that he had access to at least $1000 before trial with which to retain an attorney. These circumstances prevent us from holding that the court's refusal to appoint trial counsel was erroneous.

Accordingly, the judgment of the trial court is affirmed.

Per Curiam

Do not publish.

3