# NO. 12-24-00021-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAVID NICHOLAS ANNIS,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

David Nicholas Annis appeals the trial court's judgment adjudicating him "guilty" of sexual assault of a child. In two issues, Appellant challenges the court's assessment of attorney's fees and a time payment fee. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with sexual assault of a child. Pursuant to a plea bargain agreement with the State, Appellant pleaded "guilty" to the offense, and, after deferring a finding of guilt, the trial court placed Appellant on community supervision for a period of ten years. Subsequently, the State filed a motion to adjudicate guilt alleging that Appellant violated certain conditions of his community supervision. The trial court granted the motion and assessed Appellant's punishment at imprisonment for twelve years. This appeal followed.

## ATTORNEY'S FEES

In Appellant's first issue, he argues that the trial court erred by assessing attorney's fees against him.

**Standard of Review and Applicable Law**

The code of criminal procedure authorizes the appointment of counsel for indigent defendants. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(a) (West Supp. 2023). Counsel is to be appointed only when indigency is shown. *Gray v. Robinson*, 744 S.W.2d 604, 607 (Tex. Crim. App. 1988). A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2023).

If, after the defendant is convicted, the trial court determines that he has financial resources that enable him to offset, in whole or in part, the costs of legal services provided by a court-appointed attorney, the court must order the defendant to reimburse the amount it finds he can pay. *Id.* art. 26.05(g) (West Supp. 2023). Before the court may order reimbursement of attorney's fees by such a defendant, it must determine based on facts in the record that the defendant has the financial resources to enable him to offset, in whole or in part, the costs of the legal services provided. *Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.). If the record does not show that the defendant's financial circumstances materially changed, there is no basis for ordering the reimbursement of attorney's fees. TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Mayer v. State*, 309 S.W.3d 552, 553, 557 (Tex. Crim. App. 2010); *Johnson*, 405 S.W.3d at 354.

No objection is necessary to preserve a claim that there is no evidence of a defendant's ability to pay attorney's fees. *Mayer*, 309 S.W.3d at 556. But where such a claim arises from an order originally imposing community supervision, the defendant must bring it in a direct appeal from that order or risk forfeiture. *See Wiley v. State*, 410 S.W.3d 313, 318 (Tex. Crim. App. 2013). The claim is forfeited if the defendant was aware of the obligation to pay the fees but did not bring the claim in a direct appeal. *Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015).

**Analysis**

Appellant argues that "it was error for the district clerk to add court appointed attorney's fees against Appellant in the bill of costs" because the record contains no evidence that his financial circumstances materially changed after he was found indigent, and we therefore should modify the judgment and bill of costs to delete the fees. The State agrees the fee assessment was

2

error but argues that Appellant's failure to raise the issue in a direct appeal from the deferred adjudication order resulted in his procedural default of the claim. We agree with the State.

First, although the bill of costs was produced and filed after the January 2024 adjudication of guilt, our review of the record shows that the attorney's fees were assessed when Appellant was placed on community supervision in July 2022. The bill reflects a total court cost amount of $666.50, including $300.00 in attorney's fees and a $15.00 time payment fee. The deferred adjudication order reflects a court cost amount of $651.50, a $15.00 difference from the amount in the bill. Thus, it appears that the deferred adjudication order excluded the $15.00 time payment fee but included the attorney's fees.

Furthermore, the record shows that Appellant was aware of his obligation to pay attorney's fees when he was placed on community supervision. During the sentencing hearing, the trial court reviewed the conditions of community supervision on the record and "order[ed] that [Appellant] pay back [his] taxable court costs at the rate of at least $20 per month." At the close of the hearing, the court gave Appellant an opportunity to ask questions.[1] Appellant signed a written statement of the conditions of his community supervision, which included the requirement that he "[p]ay all court cost [sic], including any appointed counsel fee . . . at the rate of $20 each month beginning September, 2022." Based on these facts, we conclude that Appellant had sufficient knowledge that court costs, including attorney's fees, were assessed against him when he was placed on community supervision. *See Ford v. State*, No. 12-17-00307-CR, 2018 WL 1737085, *3 (Tex. App.—Tyler April 11, 2018, no pet.) (mem. op., not designated for publication).

For the foregoing reasons, we conclude that Appellant forfeited his complaint that the trial court erred in assessing attorney's fees by failing to bring it in a direct appeal from the deferred adjudication order. *See Wiley*, 410 S.W.3d at 318; *Riles*, 452 S.W.3d at 337. Accordingly, we overrule Appellant's first issue.

### TIME PAYMENT FEE

In Appellant's second issue, he argues that the trial court erred by prematurely assessing a time payment fee against him.

---

[1] He asked one question, unrelated to court costs.

**Standard of Review and Applicable Law**

Appellate courts review the assessment of court costs to determine whether a basis exists for the cost, rather than whether sufficient trial evidence proves each cost. ***Johnson v. State***, 423 S.W.3d 385, 389-90 (Tex. Crim. App. 2014). Court costs are not part of a sentence but a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." ***Armstrong v. State***, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). Court costs may not be assessed against a criminal defendant when such costs are not provided expressly by law. *See* TEX. CODE CRIM. PROC. ANN. art. 103.002 (West 2018). When a trial court improperly includes court costs in a judgment, the appropriate remedy is to reform the judgment to delete the improperly assessed fees. ***Cates v. State***, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013).

The Texas Code of Criminal Procedure requires that a person convicted of a felony or misdemeanor pay a reimbursement fee of $15.00 if the person fails to pay any part of a fine, court costs, or restitution within thirty days after the court enters the judgment ordering such payment. *See* TEX. CODE CRIM. PROC. ANN. art. 102.030 (West Supp. 2023). However, the pendency of an appeal stops the clock for purposes of the time payment fee. ***Dulin v. State***, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021).

**Analysis**

Appellant argues that we should strike the $15.00 time payment fee reflected in the bill of costs because it was prematurely assessed. The State agrees, as do we. *See **id.*** Accordingly, we modify the bill of costs to delete the time payment fee. *See **Cates***, 402 S.W.3d at 252. We do not modify the judgment because it appears the time payment fee is not reflected in it.[2] *See **White v. State***, No. 12-20-00024-CR, 2021 WL 6061573, at *2 (Tex. App.—Tyler Dec. 21, 2021, no pet.) (modifying bill of costs alone where time payment fee not reflected in judgment). We sustain Appellant's second issue.

## DISPOSITION

Having overruled Appellant's first issue and sustained his second issue, we ***modify*** the bill of costs by deleting the time payment fee, without prejudice to its subsequent assessment, if

---

[2] The $286.50 in court costs reflected in the judgment adjudicating guilt appears to be only attorney's fees. Except for an attorney's fee balance of $286.50, the bill of costs reflects a $0.00 balance for each item, including the time payment fee.

4

more than thirty days after the issuance of our mandate, Appellant fails to completely pay his court costs.  We further *modify* the bill of costs to reflect that the total of the initial costs is $651.50.  In all other respects, we *affirm* the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 21, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 21, 2024**

**NO. 12-24-00021-CR**

**DAVID NICHOLAS ANNIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-2104-21)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment. However, because the bill of costs prematurely listed a cost not yet assessed by the trial court, it further is the opinion of this court that the bill of costs should be **modified** by deleting the time payment fee, without prejudice to its being assessed later, if more than thirty days after the issuance of our mandate, DAVID NICHOLAS ANNIS fails to completely pay his court costs, and by reflecting that the sum of the itemized costs is $651.50.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below be in all things **affirmed as modified,** and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*