# NO. 12-24-00030-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *STEVEN ANDRE BARKER,* *APPELLANT* | § | *APPEAL FROM THE 392ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Steven Andre Barker appeals his conviction for burglary of a building. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with burglary of a building, enhanced by two previous state jail felony convictions.[1] He pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, the evidence showed that James Brown went to his private outbuilding one evening to retrieve some bacon for his breakfast the next morning. When he opened the padlock and lifted the rollup door, he found his cousin, Appellant, seated at a table. Surprised to see

---

[1] A state jail felony punishable, with the enhancements, as a third-degree felony by imprisonment for a term of not more than ten years or less than two years and a possible fine not to exceed $10,000.00. *See* TEX. PENAL CODE ANN. §§ 30.02(a)(1), (c)(1) (West 2019); 12.245(a) (West 2019); 12.34 (West 2019).

Appellant, who did not have a key or permission to enter the building, Brown asked how he gained access. Appellant responded that he entered through a window. As Appellant exited, Brown observed that he had a backpack in his possession and a beer in his pocket. When Brown asked where Appellant got the beer, he said another person gave it to him. Brown allowed Appellant to leave. When he checked his refrigerator and freezer, he found that some beer and various packages of meat were missing.

Ultimately, the jury found Appellant "guilty" and assessed his punishment at imprisonment for nine years. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel relates that he diligently examined the record and found no matter upon which to make a reasonable, genuine argument. In compliance with *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[2] We conducted an independent review of the record in this case and found no reversible error. *See id.*

### JUDGMENT MODIFICATION

In reviewing the record, we found an error in the judgment. We have the authority to modify a judgment in an *Anders* appeal and affirm the judgment as modified. *See* TEX. R. APP. P. 43.2(b); *Bray v. State*, 179 S.W.3d 725, 729 (Tex. App.—Fort Worth 2005, no pet.) (en banc).

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). In reviewing the assessment of court costs, we review the record to determine whether a basis for the costs exists. *Id.* Court costs may not be assessed against a criminal defendant when such costs are not provided expressly by law. *See* TEX. CODE CRIM. PROC. ANN. art. 103.002 (West 2018). When a trial court improperly includes

---

[2] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired, and no pro se brief was filed.

court costs in a judgment, the appropriate remedy is to reform the judgment to delete the improperly assessed fees. *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013).

The code of criminal procedure authorizes the appointment of counsel for indigent defendants. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(a) (West Supp. 2023). Counsel is to be appointed only when indigency is shown. *Gray v. Robinson*, 744 S.W.2d 604, 607 (Tex. Crim. App. 1988). A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2023).

If, after the defendant is convicted, the trial court determines that he has financial resources that enable him to offset, in whole or in part, the costs of legal services provided by a court-appointed attorney, the court must order the defendant to reimburse the amount it finds he can pay. *Id.* art. 26.05(g) (West Supp. 2023). Before the court may order reimbursement of attorney's fees by such a defendant, it must determine based on facts in the record that the defendant has the financial resources to enable him to offset, in whole or in part, the costs of the legal services provided. *Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.). If the record does not show that the defendant's financial circumstances materially changed, there is no basis for ordering the reimbursement of attorney's fees. TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Mayer v. State*, 309 S.W.3d 552, 553, 557 (Tex. Crim. App. 2010); *Johnson*, 405 S.W.3d at 354. No objection is necessary to preserve a claim that there is no evidence of a defendant's ability to pay attorney's fees. *Mayer*, 309 S.W.3d at 556.

Here, the judgment reflects an obligation to pay $3,650.00 in attorney's fees. The record shows that the trial court appointed both trial and appellate counsel for Appellant after determining he was indigent. It does not show the court ever found that Appellant's financial circumstances materially changed. Thus, no basis exists to support the order to reimburse the attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Mayer*, 309 S.W.3d at 553, 557; *Johnson*, 405 S.W.3d at 354. Accordingly, we modify the judgment to delete the attorney's fees. *See* TEX. R. APP. P. 43.2(b); *Cates*, 402 S.W.3d at 252; *Bray*, 179 S.W.3d at 729; *Owens v. State*, No. 12-19-00279-CR, 2020 WL 5406144, at *2 (Tex. App.—Tyler Sept. 9, 2020 no. pet.) (mem. op., not designated for publication) (modifying judgment in *Anders* case to delete attorney's fees).

CONCLUSION

As required by **Anders** and **Stafford v. State**, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also* **In re Schulman**, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we agree that the appeal is wholly frivolous. Accordingly, we **grant** counsel's motion for leave to withdraw. Having found error in the trial court's judgment, we **modify** the judgment to delete the $3,650.00 in attorney's fees and **affirm** the judgment **as modified**.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; **In re Schulman**, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* **In re Schulman**, 252 S.W.3d at 408 n.22.

Opinion delivered August 29, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 29, 2024**

**NO. 12-24-00030-CR**

**STEVEN ANDRE BARKER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

___

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CR23-0401-392)

___

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein, and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below is **modified** to delete the $3,650.00 in attorney's fees; **and as modified**, **is affirmed**; and that this decision be certified to the trial court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*